ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| JENNIFER SIMON<br><br>Recurrente<br><br>V.<br><br>AJ TRUCK AND PARTS, INC.<br><br>Recurrido | TA2026RA00061 | Revisión Judicial procedente del Departamento de Asuntos al Consumidor<br><br>Caso Núm.:<br>SAN-2025-0021036<br><br>Sobre:<br>Vehículo de motor |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2026.

Comparece la señora Jennifer Simon (señora Simon o recurrente) y solicita la revisión de una *Resolución Sumaria* emitida el 10 de diciembre de 2025 por la Oficina Regional de San Juan del Departamento de Asuntos al Consumidor (DACo).[1] En dicha determinación, el foro administrativo desestimó sin perjuicio la reclamación que presentó contra AJ Truck and Parts, Inc. (AJT&P o recurrida) por falta de jurisdicción.

Por los fundamentos que se exponen a continuación, revocamos la determinación recurrida.

**I.**

Este caso se originó el 1 de abril de 2025, cuando la señora Simon, presentó una *Querella* contra AJT&P, la cual se enmendó el 14 de noviembre de 2025.[2] En esta, alegó que el 2 de mayo de 2024, junto al señor Alvin Venzen, adquirió de la recurrida un camión Peterbilt por $48,000.00 mediante un Contrato de Venta y Compra de Camión, en virtud del cual entregó $36,000.00 como pronto. Indicó que, durante la compraventa, solicitó al señor Armando

---

[1] Apéndice 2 del caso TA2026RA00061 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 11 de diciembre de 2025.
[2] *Íd.*, Documento Principal y Apéndice 5 en SUMAC.

Nevárez Rosa (señor Nevárez Rosa), presidente y agente residente de la corporación, la conversión de la transmisión, gestión que este aceptó pero no ejecutó.

Adujo que en junio de 2024, las partes suscribieron otro contrato en el que se autorizó la compra de la unidad original y la adquisición de otro camión Peterbilt correspondiente a los años 2012 a 2015. Arguyó que pactaron sostener una comunicación quincenal. No obstante, afirmó que transcurrieron tres (3) meses sin contacto alguno y que solo recibió la imagen de un camión, sin que el señor Nevárez Rosa precisara su condición ni si lo adquirió, y que, pese a ofrecerle un camión Peterbilt, aludió, sin su anuencia, a un camión Kenworth. Añadió que, entre mayo y agosto de 2024, solicitó reiteradamente aclaraciones, la cancelación del contrato y devolución del pronto, sin obtener respuesta eficaz.

Expuso que intentó comunicarse con el señor Nevárez Rosa, pero que este la evadió, conducta que calificó como práctica comercial deficiente, injusta e incompatible con los deberes de buena fe y transparencia. Esgrimió que este le informó que había enviado un camión para Puerto Rico, pero que no pudo retirarlo de la Aduana de los Estados Unidos, por lo que accedió a reembolsar el dinero, condicionado a la venta previa del camión original. Precisó que, tras varios meses, no recibió el dinero y el señor Nevárez Rosa ofreció excusas adicionales como la espera de pagos gubernamentales o la culminación del proceso electoral.

Sostuvo que, como resultado del incumplimiento del recurrido, perdió la oportunidad de utilizar el camión para fines de acarreo y transporte comercial en su negocio, lo que le ocasionó alegados daños por lucro cesante. Adujo que ello afectó su credibilidad ante terceros, así como su reputación profesional y personal, al incumplir con compromisos de trabajo asumidos previamente.

Expresó que, ante la dilación, acudió al DACo y solicitó la nulidad contractual, la determinación de infracciones al Reglamento de Prácticas Comerciales, Reglamento Núm. 9158 del 6 de febrero de 2020 y al Reglamento para la Imposición de Multas, Reglamento núm. 8842 del 3 de noviembre de 2016; daños y perjuicios, honorarios de abogado por temeridad y cualquier otro remedio aplicable.

Tras varios trámites procesales, el 17 de noviembre de 2025, el DACo emitió una *Orden de Mostrar Causa*,[3] mediante la cual requirió a la recurrente exponer por qué no debía ordenar el cierre y archivo de la *Querella* por falta de jurisdicción, al versar la controversia sobre un camión de uso comercial y ser una comerciante.

En cumplimiento, el 1 de diciembre de 2025, la señora Simon sostuvo que el DACo poseía jurisdicción para atender su reclamación.[4] Fundamentó su posición en que la *Ley Orgánica del Departamento de Asuntos del Consumidor*, Ley Núm. 5 de 23 de abril de 1973, según enmendada, 3 LPRA sec. 341 *et seq.*, facultaba a la agencia para resolver querellas de consumidores respecto a los bienes y servicios del sector privado. Invocó que la *Ley de Garantías de Vehículos de Motor*, Ley Núm. 7 de 24 de septiembre de 1979, según enmendada, 10 LPRA sec. 2051 *et seq.*, definía el término consumidor como toda persona que adquiere un vehículo para uso personal, comercial, agrícola o industrial y no para la reventa.

Además, señaló que el Reglamento de Procedimientos Adjudicativos, *supra*, limitaba su aplicación a querellas iniciadas por consumidores, definidos como personas naturales que adquirían bienes como destinatarios finales y destacó que el Reglamento de Garantías de Vehículos de Motor, Reglamento Núm. 7159 de 6 de junio de 2006, exigía garantías mínimas en las ventas de vehículos

---

[3] *Íd.*, Apéndice 4 en SUMAC.
[4] *Íd.*, Apéndice 3 en SUMAC.

usados, incluyendo los camiones. Asimismo, expresó que dicho reglamento dispuso que era aplicable a toda persona natural o jurídica que se dedicara a la venta o servicio de vehículos de motor nuevos o usados en Puerto Rico. Añadió que la *Ley Orgánica del DACo, supra,* y el Reglamento de Prácticas Comerciales, *supra,* facultaban al DACo a fiscalizar las prácticas engañosas en las transacciones de consumo. Esgrimió que, al adquirir el vehículo como persona natural, mediante un contrato de consumo, en calidad de destinataria final y no para la reventa, su reclamación quedó comprendida dentro de la jurisdicción del DACo. A su vez, manifestó que la controversia versó sobre el incumplimiento del contrato de venta, la retención indebida de pagos y prácticas engañosas.

Eventualmente, el 10 de diciembre de 2025, el DACo emitió la *Resolución Sumaria* recurrida, en la que desestimó sin perjuicio la *Querella* presentada por la señora Simon por falta de jurisdicción.[5] En esta, formuló las siguientes determinaciones de hechos:

1. El 1 de abril de 2025, la querellante, Jennifer Simon[,] presentó la querella de epígrafe en el Departamento. El 17 de noviembre de 2025, la parte querellante a través de su representante legal, el Lcdo. Ricardo Goytía, presentó una Enmienda a la Querella.
2. En el inciso 40 de la enmienda a la querella, se establece [...] lo siguiente: "[c]omo resultado del incumplimiento, la querellante perdió la oportunidad de utilizar el camión para fines de acarreo y transporte comercial en su negocio en Saint Thomas, lo que ocasionó lucro cesante y pérdida de ingresos. En circunstancias ordinarias, dicho vehículo habría generado utilidades mensuales, por lo que el daño derivado de la imposibilidad de explotación comercial es atribuible al querellado".
3. La parte querellante admite que es un comerciante y que el camión objeto de la presente querella era para utilizarlo para propósitos comerciales con fines de lucro.
4. La controversia de la presente querella es sobre un camión que ordenó la querellante a la parte querellada, que le pagó un pronto. Posteriormente, la querellante autoriza a la parte querellada a la venta de este y le ordena otro camión usado.
5. La querella de epígrafe es sobre un incumplimiento de contrato y no sobre la Ley de Garantías de Vehículos de Motor y su Reglamento.
6. El camión del contrato entre las partes es uno marca Peterbilt y es para uso comercial como lo establece [...] la parte querellante en la parte enmendada.
7. La parte querellante no es una consumidora, es una comerciante.

---

[5] Íd., Apéndice 2 en SUMAC.

Según la agencia recurrida, su jurisdicción se limitaba a atender, investigar y resolver las quejas y querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado. Además, expresó que la Regla 4(f) del Reglamento de Procedimientos Adjudicativos, *supra*, definía al consumidor como toda persona natural, incluyendo a toda otra persona, asociación o entidad que adquiere o utiliza productos o servicios como destinatario final y se excluía a cualquier persona o entidad que adquiría bienes o servicios con motivo de lucrarse en una posterior reventa. Planteó que, en este caso, la recurrente admitió que era una comerciante y reclamaba una cantidad por lucro cesante, por lo que carecía de jurisdicción para adjudicar controversias entre comerciantes e indicó que debía presentar su reclamo en el Tribunal de Primera Instancia.

Inconforme, el 29 de diciembre de 2025, la señora Simon presentó una reconsideración.[6] Planteó que la determinación se emitió sin vista administrativa y descansó en una apreciación errónea de los hechos y del derecho aplicable, particularmente en cuanto a su condición de consumidora y al alcance jurisdiccional del DACo. Argumentó que no adquirió el camión para la reventa ni para uso comercial, sino como regalo para su pareja, el señor Venzen, sin que al momento de comprarlo estuviera definido su uso futuro. Señaló que la reclamación de lucro cesante no alteró su condición de consumidora, puesto que lo determinante era la intención de reventa y no el uso posterior del bien. Afirmó que alegó prácticas comerciales engañosas —incluida retención indebida de dinero— reguladas por el Reglamento de Prácticas Comerciales, *supra*, y que existían controversias de hechos que impedían la desestimación sumaria.

---

[6] *Íd.*, Apéndice 1 en SUMAC.

Transcurrido el término sin que el DACo resolviera la reconsideración, la señora Simon presentó este recurso de revisión administrativa, en el que señaló el siguiente error:

ERRÓ EL DACO AL CONSIDERAR QUE LA PARTE QUERELLANTE ERA COMERCIANTE BAJO LA LEY ORGÁNICA DEL DACO, Y POR ENDE, QUE LA QUERELLA NO ESTABA DENTRO DE SU JURISDICCIÓN.

En esencia, la recurrente planteó que el DACo erró al negarse a ejercer jurisdicción y al concluir que era comerciante por el hecho de que el camión se utilizaría en actividades productivas. Afirmó que la jurisprudencia distinguió entre quien adquiría un bien como destinatario final y con ánimo de revenderlo. Aseveró que no adquirió el camión para revenderlo ni como parte de un negocio de venta de vehículos, sino para uso propio o para donarlo a un tercero, y que el eventual uso productivo no alteró la naturaleza de la transacción.

Además, sostuvo que, aun si existía duda sobre su condición de consumidora, esa cuestión constituía un hecho controvertido que debía dilucidarse en una vista administrativa. Puntualizó que aspectos esenciales —como su intención al momento de la compra y la naturaleza de la transacción— fueron resueltos mediante inferencias, privándola de la oportunidad de presentar prueba, en violación a su debido proceso de ley.

El 11 de febrero de 2026, este Tribunal emitió una *Resolución* mediante la cual concedió un término a la parte recurrida para presentar su alegato. Transcurrido en exceso el término sin cumplir con lo anterior, el recurso quedó perfeccionado para su adjudicación sin el beneficio de su comparecencia.

## II.

### A. Revisión judicial

La revisión judicial faculta a este Tribunal a examinar las decisiones, órdenes y resoluciones finales de un foro administrativo. Art. 4.006(c) de la *Ley de la Judicatura*, Ley Núm. 201-2003, según

enmendada, 4 LPRA sec. 24y; Sec. 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672. Su propósito es asegurar que el foro administrativo actúe dentro de los poderes delegados y la política legislativa. *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022); D. Fernández Quiñones, <u>*Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*</u>, 3ra ed., Bogotá, Forum, 2013, pág. 669.

Previamente, los foros judiciales otorgaban deferencia a la interpretación administrativa si resultaba razonable y se basaba en su pericia. *Vázquez y otro v. Con. Tit. Los Corales,* 2025 TSPR 56, 216 DPR ___ (2025). No obstante, los tribunales deben ejercer un juicio independiente al evaluar la interpretación administrativa, sin otorgar deferencia. *Íd.*; *Loper Bright Enterprises v. Raimondo*, 603 US 369 (2024). Ello obedece a que los tribunales tienen una perspectiva más amplia para considerar estas controversias, guiados por la preservación de un sistema jurídico robusto y la confianza pública en los procesos administrativos y judiciales.

De otra parte, las conclusiones de derecho y las cuestiones mixtas de hecho y derecho se revisarán en toda su extensión. *Íd.; Super. Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Rivera v. A&C Development Corp.*, 144 DPR 450 (1997).

### B. Aspecto jurisdiccional del DACo

La Asamblea Legislativa creó el DACo mediante la Ley Núm. 5 de 23 de abril de 1973, *supra.* Su propósito principal es vindicar e implementar los derechos de los consumidores, fiscalizar los precios sobre los artículos y servicios de uso y consumo, entre otros. *Íd.*, Art. 3, sec. 341b. Según la Exposición de Motivos, la aprobación de la Ley respondió a la necesidad de contar con un organismo capaz de atender querellas de consumidores, fiscalizar el cumplimiento de la

legislación protectora, educar al consumidor y proveerle una representación adecuada en la defensa de sus derechos.

A tales fines, el DACo se concibió como una agencia especializada, con personal técnico y profesional altamente competente para vindicar los derechos del consumidor de manera agresiva y firme. *Martínez v. Rosado*, 165 DPR 582 (2005).

Entre las facultades conferidas al DACo se encuentra atender, investigar y resolver las quejas y querellas presentadas por los consumidores respecto a los bienes y servicios adquiridos en el sector privado. Art. 6 de la *Ley Orgánica del DACo, supra*, sec. 341e. Asimismo, se le encomendó establecer un esquema de adjudicación administrativa para evaluar dichas querellas y conceder los remedios correspondientes, conforme a derecho. *Íd.*

El alcance jurisdiccional del DACo está estrechamente ligado al concepto de consumidor. La *Ley Orgánica del DACo, supra*, no establece una definición del término consumidor para efectos de la protección provista por dicha legislación. Sin embargo, la Regla 4 (f) del Reglamento de Procedimientos Adjudicativos del DACo, *supra*, define consumidor como "[t]oda persona natural, que adquiere o utiliza productos o servicios como destinatario final. Incluye toda otra persona, asociación o entidad que[,] por designación de ley[,] está facultada para presentar su reclamación en el Departamento". Véase, además, Regla 5 (i) del Reglamento de Prácticas Comerciales, *supra*. De esta definición se desprende que la jurisdicción del DACo depende del reclamo de un consumidor frente a una persona o entidad que provee bienes o servicios. *Amieiro González v. Pinnacle Real Estate*, 173 DPR 363 (2008).

Ahora bien, la definición de consumidor excluye a quienes adquieran bienes o servicios con el propósito de lucrarse en una posterior reventa. *Martínez v. Rosado, supra*. Cuando una persona o entidad no pueda ser considerada como consumidor —según los

hechos particulares del caso y el derecho aplicable—, el DACo carece de jurisdicción para atender una querella. *Íd.*

El Tribunal Supremo señaló que el término reventa en su más elemental acepción se refiere a "volver a vender lo que se ha comprado con ese intento". *Soc. de Gananciales v. Paniagua Díaz*, 142 DPR 98 (1996), *citando al* Diccionario de la Real Academia de la Lengua Española, 20va ed., Madrid, Espasa-Calpe, T. II, pág. 1186. Además, el hecho de que las partes sean comerciantes no convierte automáticamente la transacción en mercantil. *Íd.* No basta con que una parte tenga carácter de comerciante para que la transacción sea mercantil, sino que es necesario que se trate de una compraventa de cosas muebles con el propósito de revenderlas. *Íd.* La compra de un bien para integrarlo en la producción de una industria es de naturaleza civil, puesto que se adquiere para el uso o consumo del adquirente, no para su reventa. *Reece Corp. v. Ariela, Inc.*, 122 DPR 270 (1988). El elemento determinante es el propósito del comprador de revender los bienes adquiridos con ánimo de lucro. *Ramallo Brothers Printing, Inc. v. Ramis*, 133 DPR 436 (1993); *Reece Corp. v. Ariela, Inc.*, *supra*.

A modo ilustrativo, la *Ley de Garantías de Vehículos de Motor*, Ley Núm. 7 de 24 de septiembre de 1979, según enmendada, 10 LPRA sec. 2052, delegó al DACo la protección de los consumidores que adquieren vehículos de motor nuevos frente a los vendedores, distribuidores y manufactureros. Aunque dicha legislación es aplicable a vehículos nuevos, define consumidor como toda persona que adquiere un vehículo de motor[7] para uso personal, comercial, agrícola o industrial y no para propósitos de reventa. Art. 2 de la *Ley de Garantías de Vehículos de Motor*, *supra*, sec. 2052. Véase R. 5 del

---

[7] Acorde con el Artículo 2 de la *Ley de Garantías de Vehículos de Motor, supra*, sec. 2052, el término vehículo de motor significa todo vehículo, camión, camioneta u ómnibus movido por fuerza distinta a la muscular. Véase, también, R. 5 (s) del Reglamento de Garantías de Vehículos de Motor, *supra*.

Reglamento de Garantías de Vehículos de Motor, *supra,* cuyo fin es prevenir prácticas ilícitas en la venta de vehículos nuevos y usados y asegurar que sean aptos para el uso por el cual se adquirieron. *Ortiz Rolón v. Soler Auto Sales et al.,* 202 DPR 689 (2019); *Polanco v. Cacique Motors,* 165 DPR 156 (2005).

**III.**

En el presente caso, la señora Simon planteó que el DACo erró al concluir que carecía de jurisdicción para atender su reclamación administrativa al determinar que no era consumidora, sino comerciante, por el hecho de que el camión adquirido se utilizaría con fines comerciales y por haber reclamado lucro cesante. A su juicio, tal determinación descansó en una interpretación incorrecta del concepto de consumidor. Sostuvo que el DACo confundió el uso productivo del bien con el propósito de reventa y, por ende, erró al declinar ejercer jurisdicción sobre su reclamación.

Tras examinar detenidamente el expediente a tenor con el derecho aplicable, concluimos que le asiste razón a la recurrente.

Del expediente surge que la señora Simon alegó que el 2 de mayo de 2024 adquirió un camión Peterbilt mediante un contrato con AJT&P por la suma de $48,000.00, del cual entregó $36,000.00 como pronto. Sostuvo que, durante la transacción, el recurrido se comprometió a realizar determinadas modificaciones al vehículo. Indicó que, ante su incumplimiento, las partes suscribieron un nuevo acuerdo mediante el cual se autorizó la venta del camión original y la adquisición de otro. Arguyó que, pese a múltiples gestiones dirigidas a obtener información del vehículo o la devolución del dinero, el recurrido nunca entregó la unidad ni restituyó las sumas pagadas. Ante ello, acudió al DACo.

No obstante, el foro administrativo determinó que carecía de jurisdicción para atender la controversia al entender que la señora Simon admitió ser comerciante y que el camión sería utilizado para

propósitos comerciales. A partir de esa premisa, concluyó que la *Querella* constituía una reclamación por incumplimiento de contrato entre comerciantes y que, por tanto, debía presentarse ante el TPI.

Sin embargo, dicha conclusión no se sostiene a la luz del derecho aplicable. Tal como se explicó en la parte expositiva, el DACo posee jurisdicción cuando la controversia surge de una transacción entre un consumidor y un proveedor de bienes o servicios. A esos efectos, la definición de consumidor se centra en si la persona adquiere el bien o servicio como destinatario final, y excluye a quien tiene el propósito de lucrarse mediante su posterior reventa.

En el presente caso, de las alegaciones contenidas en la *Querella* surgió una transacción de compraventa entre una persona natural y un proveedor de bienes dedicado a la venta de camiones. De dichas alegaciones no se desprende que la recurrente adquirió el camión con el propósito de revenderlo ni que participara en el negocio de compraventa de vehículos. Para efectos jurisdiccionales, el expediente reveló que la señora Simon actuó como consumidora. Por consiguiente, la controversia planteada constituyó precisamente el tipo de reclamación que el legislador encomendó al DACo atender.

El hecho de que la recurrente alegó que la falta de entrega del vehículo le ocasionó la pérdida de ingresos por no poder utilizarlo en actividades de transporte comercial no alteró la naturaleza jurídica de la transacción objeto del proceso administrativo ni demostró que el bien se adquirió con el propósito de reventa. El uso productivo que pueda darse a un bien no equivale al ánimo de revenderlo con lucro, que es el elemento determinante para excluir una transacción del ámbito jurisdiccional del DACo.

En consecuencia, al equiparar el uso comercial del vehículo con la adquisición del bien con propósito de reventa, el DACo aplicó erróneamente el derecho y delimitó el alcance de su jurisdicción. Lo

anterior condujo a la desestimación improcedente de la *Querella* presentada por la señora Simon.

En virtud de lo anterior, concluimos que, con base en las alegaciones contenidas en la *Querella*, la señora Simon cualificaba como consumidora y, por consiguiente, el foro administrativo tiene jurisdicción para atender la controversia y dirimir la misma, en lo sustantivo, conforme a su procedimiento adjudicativo. Establecido lo anterior, consignamos que con esta determinación no estamos prejuzgando o adjudicando que la recurrente tiene derecho a lo reclamado en su *Querella.* Dicho asunto deberá ser dilucidado, en el foro administrativo.

## IV.

Por los fundamentos que anteceden, se revoca la determinación recurrida. Se devuelve a DACo para la continuación de los procedimientos y la adjudicación de la controversia en sus méritos.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones